UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTIN J. BIBBS, H03951,

      Plaintiff,

    v.

E. MACAY, et al.,

      Defendant(s).

Case No. 23-cv-03023-CRB (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner currently incarcerated at the R. J. Donovan Correctional Facility in San Diego (RJD) and a frequent litigant in federal court, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that in 2022, while he was incarcerated at Salinas Valley State Prison (SVSP), he was denied due process in connection with a rules violation report (RVR) for possession of a cellular telephone for which he was found guilty and assessed 90 days loss of good time credits. Plaintiff specifically alleges that failure to provide him a copy of the incident report before the disciplinary hearing denied him a fair opportunity to put on a defense at the hearing.

Plaintiff seeks reversal of the RVR guilty finding and restoration of the 90 days loss of good time credits, and compensatory and punitive damages.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

2    right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

3    violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S.

4    42, 48 (1988).

5    B.    Legal Claims

6          "'Federal law opens two main avenues to relief on complaints related to imprisonment: a

7    petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871,

8    Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or

9    to particulars affecting its duration are the province of habeas corpus.'"  Hill v. McDonough, 547

10   U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).  "An inmate's

11   challenge to the circumstances of his confinement, however, may be brought under § 1983."  Id.

12         Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier

13   release'" from confinement.  Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson

14   v. Dotson, 544 U.S. 74, 82 (2005)).  "Where the prisoner's claim would not 'necessarily spell

15   speedier release,' however, suit may be brought under § 1983.'"  Skinner, 562 U.S. at 533-34

16   (quoting Wilkinson, 544 U.S. at 82).  In fact, an action under § 1983 is the exclusive remedy for

17   claims by state prisoners that do not "lie at the 'core of habeas corpus.'"  Nettles v. Grounds, 830

18   F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)).

19   A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of

20   habeas corpus because "its success would release the claimant from confinement or shorten its

21   duration."  Thornton v. Brown, 757 F.3d 834, 841 (9th Cir. 2014) (citing Preiser, 411 U.S. at 500).

22         Here, plaintiff's challenge to the 2022 RVR guilty finding for possession of a cellular

23   telephone that resulted in the assessment of 90 days loss of good time credits must be brought in

24   habeas because reversal of the RVR guilty finding and reinstatement of the 90 days of good time

25   credits would necessarily spell speedier release from state custody.  See Skinner, 561 U.S. at 525

26   (challenge to disciplinary finding that resulted in assessment of time credits must be brought in

27   habeas if reinstatement of time credits would necessarily spell speedier release); see also

28   Thornton, 757 F.3d at 841 (claim may not be brought under § 1983 if its success would shorten

United States District Court
Northern District of California

claimant's confinement).  Plaintiff's challenge to the 2022 RVR guilty finding is also barred under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck v. Humphrey, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  512 U.S. at 486-487.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Id. at 487.

Heck bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence.  See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).  Heck also bars a claim for denial of proper Wolff v. McDonnell, 418 U.S. 539 (1974), procedures in connection with a disciplinary hearing that resulted in the deprivation of time credits if, as is the case here, "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment."  Edwards v. Balisok, 520 U.S. 641, 645 (1997).

### CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim under § 1983 upon which relief may be granted.  But the dismissal is without prejudice to plaintiff filing a habeas petition under 28 U.S.C. § 2254 after exhausting state judicial remedies or to filing a civil rights complaint for damages under § 1983 after invalidating the 2022 RVR guilty finding for possession of a cellular telephone that resulted in the loss of 90 days of good time credits.

**IT IS SO ORDERED**.

Dated:  July 5, 2023

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California